IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville DIVISION
CIVIL CASE NO. 1:24-cv-00159-MR-WCM

| | |
|---|---|
| **PAKUJA CRYSTAL VANG,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF**<br>) **DECISION AND ORDER**<br>) |
| **VALDESE WEAVER and**<br>**UNITED STATE OF AMERICA**<br>**(government),**[1] | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court *sua sponte*.

## I. BACKGROUND

The Plaintiff originally filed the present action in Burke County Superior Court on April 25, 2024. [Doc. 1 at 2]. On May 28, 2024, Defendant Valdese Weaver removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a). [Id. at 1, 4]. The Plaintiff purports to bring claims against Defendant Valdese Weaver under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1320d-6, 18 U.S.C. § 241, and 18 U.S.C. § 1702. [Doc. 1-1 at 7-8]. It is unclear from the filings provided what claims the Plaintiff is bringing

---

[1] While these are the only two Defendants listed on the docket, the Plaintiff's state court filings include more than 40 other Defendants, almost all of whom appear to be medical providers. [Doc. 1-2 at 11].

against the United States or the other Defendants listed in the state court filing. [See Doc. 1-2 at 4-10].[2]

The Plaintiff has been a prolific filer in this Court and is currently the subject of a pre-filing injunction (often referred to as a "Gatekeeper Order") as a result of her numerous frivolous filings. Her first case against her former employer, Valdese Weaver, Civil Case No. 1:22-cv-00119-MR-WCM, was filed on June 9, 2022, and dismissed as frivolous by this Court on April 18, 2023. [Case No. 1:22-cv-00119-MR-WCM, Doc. 27].

The Plaintiff filed her second case against Valdese Weaver, Civil Case No. 1:22-cv-00232-MR-WCM, on October 25, 2022, alleging facts identical to her first case. [Case No. 1:22-cv-00232-MR-WCM, Doc. 1]. Finding the Plaintiff had failed to state a claim, this Court dismissed her claims on January 1, 2023. [Case No. 1:22-cv-00232-MR-WCM, Doc. 4]. The Plaintiff appealed, and the Fourth Circuit affirmed the dismissal on June 26, 2023. [Case No. 1:22-cv-00232-MR-WCM, Doc. 13].

The Plaintiff's third case against Valdese Weaver, Civil Case No. 1:22-cv-00251-MR, was filed on November 22, 2022, and dismissed by this Court

---

[2] The state court record also includes a Second Complaint. [Doc. 1-2 at 11]. This Complaint names Valdese Weaver/United Heartland in the case caption and names the United States and 43 others as Defendants. [Id.]. Otherwise, this Complaint appears to be the same in substance as the first.

as frivolous on January 3, 2023. [Case No. 1:22-cv-00251-MR, Docs. 1, 7]. The Plaintiff again appealed, and the Fourth Circuit affirmed dismissal on June 26, 2023. [Case No. 1:22-cv-00251-MR, Doc. 14].

On January 13, 2023, the Plaintiff filed a case against nearly all the same Defendants named in her state court filing in the present matter. [Case No. 1:23-cv-00018-MR-WCM, Doc. 1]. On February 9, 2023, this Court dismissed the Complaint in its entirety as frivolous. [Case No. 1:23-cv-00018-MR-WCM, Doc. 3]. The Court then imposed a pre-filing review system due to the Plaintiff's numerous meritless and frivolous filings. [Case No. 1:23-cv-00018-MR-WCM, Doc. 6].

The Plaintiff's fourth case against Valdese Weaver, Civil Case No. 1:23-cv-00019-MR-WCM, was also filed on January 13, 2023, and dismissed as frivolous on February 9, 2023. [Case No. 1:23-cv-00019-MR-WCM, Docs. 1, 3].

Since the imposition of the pre-filing injunction in this Court on March 14, 2023, the Plaintiff has attempted to file three additional cases against Defendant Valdese Weaver in this Court before filing the present case in state court.

## II. STANDARD OF REVIEW

The Plaintiff is not a prisoner and is not proceeding *in forma pauperis*. "However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012). This case is, therefore, subject to frivolity review under the Court's inherent authority. See Patrick v. Boyd, No. 7:22-CV-185-D, 2023 WL 8813590, at *2 (E.D.N.C. Nov. 27, 2023), report and recommendation adopted, No. 7:22-CV-185-D, 2023 WL 8810763 (E.D.N.C. Dec. 20, 2023)

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. The Fourth Circuit has offered the following

4

guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989).

## III. DISCUSSION

The Plaintiff's allegations against Defendant Valdese Weaver in this case are essentially identical to the allegations in her Complaint in Civil Case No. 1:23-cv-00019-MR-WCM, as well as in her Amended Complaint in Civil Case No. 1:22-cv-119-MR-WCM. All three Complaints assert claims against her former employer, Defendant Valdese Weaver, pursuant to the Americans with Disabilities Act. [Compare Doc. 1-1 at 3-5 with Case No. 1:23-cv-00019-MR-WCM, Doc. 1 at 3-4, and Case No. 1:22-cv-00119-MR-WCM, Doc. 19 at 3-4]. The allegations against Defendant Valdese Weaver, recited with nearly identical language, that appear in the Complaint in this case are included in the previous two complaints filed by the Plaintiff. While the Plaintiff includes additional legal arguments in this most recently filed Complaint, she does not advance any new claim or theory of recovery.

Accordingly, the Court concludes that the claims against Defendant Valdese Weaver in this case are duplicative of those in the Plaintiff's previously filed complaints. Section 1915(e) "is aimed at the dismissal of 'frivolous, malicious, or *repetitive* lawsuits.'" Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasis in original) (quoting Neitzke, 490 U.S. at 324); see also Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1998) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious). Therefore, the court concludes that the Plaintiff's claims against Defendant Valdese Weaver are frivolous, malicious, and repetitive and must be dismissed. These claims will be dismissed with prejudice because, given the numerous times the Plaintiff has unsuccessfully attempted to bring these claims, any further amendment would be futile. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

Without the claims against Defendant Valdese Weaver, the Court must examine if any further basis for it to retain jurisdiction of this matter exists. Federal courts have subject matter jurisdiction over cases to which the United States is a party. U.S. Const. art III, § 2, cl. 1. Here, although the Plaintiff names the United States as a Defendant, nowhere in her Complaint does she name a specific claim against the United States. Without such a claim, this cannot be the basis for this Court's jurisdiction.

As the claims against the numerous other Defendants the Plaintiff purports to name, but do not appear in the case caption, the Court has previously dismissed essentially identical claims against these Defendants as frivolous. [No. 1:23-cv-00018-MR-WCM, Doc. 3]. As the Plaintiff has still failed to state any viable claim against these Defendants, the Court will again dismiss these claims.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint [Doc. 1-1] is **DISMISSED WITH PREJUDICE** as frivolous, malicious, and repetitive pursuant to 28 U.S.C. § 1915.

The Clerk of Court is respectfully directed to close this civil case and to send a copy of this Order and the previously entered pre-filing injunction to the Clerk of Court of Burke County.

**IT IS SO ORDERED.**

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge

7
Case 1:24-cv-00159-MR-WCM   Document 6   Filed 07/31/24   Page 7 of 7